UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| V. | : | Criminal Case No. 08-82 (RMU) |
| | : | |
| EARL A. TIMBERLAKE | : | |

**GOVERNMENT'S NOTICE OF INTENT AND MOTION TO ADMIT EVIDENCE OF OTHER CRIME PURSUANT TO FEDERAL RULE OF EVIDENCE 404(b)**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully moves this Court to permit introduction of "other crimes" evidence at defendant Earl Timberlake's trial, pursuant to Rule 404(b) of the Federal Rules of Evidence. In support of this Motion, the United States relies on the following points and authorities and such other points and authorities as may be cited at a hearing regarding this Motion:

**I. BACKGROUND**

Defendant is charged with one count of distributing 10 grams or more of phencyclidine (PCP), on August 27, 2007, and one count of distributing 100 grams or more of a mixture and substance containing a detectable amount of PCP, on October 11, 2007, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iv).

The charges in this case arise from an investigation over the span of several months into illegal narcotics activities conducted by the defendant and others involved in the drug trade in the 300 block of 53rd Street, N.E., and the adjacent 5300 block of Clay Terrace, N.E., Washington, D.C. During the course of the investigation, the Metropolitan Police Department (MPD) deployed a confidential source (CS) to purchase "weight" quantities of PCP from the defendant

and others. On three occasions – May 22, June 13, and July 11, 2007 – the CS purchased quantities of what were believed to be PCP from the defendant (on May 22) and another target (on June 13 and July 11) in this area. On each occasion, however, DEA analysis established that the quantity purchased was not a controlled substance. The investigation continued, however, with two controlled purchases from the defendant on August 27 and October 11, 2007, both taking place in the 300 block of 53rd Street, N.E. During these controlled purchases, an MPD undercover officer joined the CS for the meetings with the defendant, and the defendant distributed the substances directly to the MPD undercover officer. Specifically, on August 27, 2007, defendant sold the MPD undercover officer approximately four ounces of a substance consistent in odor and appearance with PCP. The surveillance video of this transaction shows the defendant walking to and from the vehicle in which the MPD undercover officer and the CS were sitting during the transaction. On October 11, 2007, defendant sold the same MPD undercover officer approximately four-and-a-half ounces of a substance consistent in odor and appearance with PCP. A video recording from inside the MPD undercover vehicle shows defendant sitting in the front passenger seat and committing this transaction. Unlike the earlier transactions in the investigation, DEA analysis of the substances purchased from defendant on August 27 and October 11, 2007, established that both were in fact PCP.[1]

---

[1] The controlled substance analysis shows that for the August 27, 2007, transaction, the defendant distributed a mixture and substance containing PCP with a net weight of 87.2 grams and 11.1 grams of actual PCP. For the October 11, 2007, transaction, the defendant distributed a mixture and substance containing PCP with a net weight of 105.2 grams and 5.8 grams of actual PCP.

## II. THE "OTHER CRIMES" EVIDENCE

The United States hereby provides notice of two types of "other crimes" evidence that it intends to introduce at trial.[2]

The first incident occurred on or about June 16, 2007, approximately two months before the first distribution charged in the indictment. On that day, an MPD officer who had lost his service weapon in pursuit of a fleeing suspect was looking for the weapon in the vicinity of the 300 block of 53rd Street, N.E. and the 5300 block of Clay Terrace, N.E. The officer was approached by the defendant, who the officer knew by name, and the two discussed the lost weapon. The defendant told the officer that he had offered a $1,000 reward in the community for the return of the officer's weapon, because the increased police presence in the neighborhood was bad for business.

Second, on November 13, 2001, defendant was in the area of the 5300 block of Clay Terrace, N.E. when he was arrested in an MPD "buy-bust" operation. Defendant was approached that day by an undercover police officer, and defendant asked the officer if he wanted "coke or weed?" The officer stated he wanted "weed" and gave the defendant $20 of pre-recorded U.S. currency. The officer then watched as defendant walked alongside a nearby building and reached

---

[2] We note that we are not including in this Notice the facts surrounding the investigation that culminated in the August 27 and October 11, 2007, controlled buys from the defendant. For example, during the August 27, 2007, buy, the undercover detective paid the defendant a total of $4,300, a sum that included $2,000 for the drugs purchased that day as well as a $2,300 payment on a debt incurred from a controlled buy from one of defendant's associates on July 11, 2007. The payment of the total sum of $4,300 is intrinsic proof that is inextricably intertwined with the charged offenses, namely the distribution of PCP on August 27, 2007. See, e.g., United States v. Badru, 97 F.3d 1471, 1474-75 (D.C. Cir. 1996); United States v. Allen, 960 F.2d 1055, 1058 (D.C. Cir. 1992); United States v. Edelin, 128 F. Supp. 2d 23, 48 (D.D.C. 2001) ("Evidence of other crimes related to the RICO enterprise and drug conspiracy charged does not come within the definition of Rule 404(b).").

down beside a small bush. The defendant then returned to the officer and handed him two purple ziplock bags of marijuana. The officer then walked away and, once out of defendant's earshot, broadcast a look-out for the nearby arrest team.

Defendant was quickly arrested and identified by the undercover officer as the man who had just sold the two bags of marijuana. From defendant's pants pocket, police recovered $50 including the $20 in pre-recorded funds. The undercover officer also directed assisting officers to the defendant's apparent "stash" location next to the small green bush. From there, officers recovered two sandwich bags containing a total of 72 purple ziplock bags of marijuana; a plastic bag containing 10 clear ziplock bags of marijuana; a ziplock bag containing 9 smaller red ziplock bags of crack cocaine; and a Lorcin .380 caliber semi-automatic pistol loaded with one round in the chamber and six rounds in the magazine.

Defendant was charged with possessing the marijuana and cocaine with the intent to distribute it, and with the firearm, in D.C. Superior Court case number 2001 FEL 7231. On May 7, 2002, defendant pled guilty to two felony counts stemming from his actions on November 13, 2001: Possession With Intent to Distribute Cocaine (PWID) and Carrying a Pistol Without a License (Outside Home or Place of Business) (CPWL). On July 9, 2002, defendant was sentenced to three years on the PWID charge and to one year, concurrent, on the CPWL charge.[3]

The United States has ordered a transcript of the May 7, 2002, guilty plea proceeding, but it has not been received as of the filing of this Notice.

---

[3] On July 9, 2002, defendant was also sentenced in 2002 FEL 733, in which he was charged separately with PWID cocaine. The United States is not seeking to introduce the circumstances surrounding the conviction in 2002 FEL 733 pursuant to Rule 404(b), but that conviction is the subject of a separate notice regarding impeachment of the defendant should he choose to testify under Rule 609 of the Federal Rules of Evidence.

### III. DISCUSSION

Fed. R. Evid. 404(b) provides that evidence of "other crimes, wrongs, or acts" is not admissible to prove a defendant's character. However, such evidence is admissible if offered for any non-propensity purpose, including - but not limited to - identity, motive, intent, plan, knowledge, and absence of mistake. See United States v. Moore, 732 F.2d 983, 987 n. 31 (D.C. Cir. 1984). Our Court of Appeals has made clear that Rule 404(b) is a rule of inclusion rather than exclusion. See United States v. Crowder, 141 F.3d 1202, 1206 (D.C. Cir. 1998) ("[A]lthough the first sentence of Rule 404(b) is framed restrictively, the rule itself is quite permissive, prohibiting the admission of other crimes evidence in but one circumstance - for the purpose of proving that a person's actions conformed to his character"). Thus, Rule 404(b) bars "not evidence as such, but a theory of admissibility." Crowder, 141 F.3d at 1202. As our Court of Appeals has stated, "[t]rue, the evidence may tend to show that defendant is a person of bad character, but Rule 404(b) does not thereby render it inadmissible. To reiterate what we have stated before . . . under Rule 404(b), 'any purpose for which bad acts evidence is introduced is a proper purpose so long as the evidence is not offered solely to prove character.'" United States v. Cassell, 292 F.3d 788, 791 (D.C. Cir. 2002) (citing United States v. Miller, 895 F.2d 1431, 1436 (D.C. Cir. 1990) (emphasis in the original).

Like all evidence, Rule 404(b) evidence must satisfy the strictures of Fed. R. Evid. 403. Thus, admissibility here rests on a two-step inquiry: 1) whether the "other crimes" evidence is relevant to an issue other than the defendant's character or propensity, and if so, 2) whether the evidence is proper under Rule 403 because its probative value is not substantially outweighed by the danger of unfair prejudice. See Moore, 732 F.2d at 987. As its language reflects, Rule 403 "tilts . . . toward the admission of evidence in close cases" – even when "other crimes" evidence

is involved. Id. at 989; see also Huddleston v. United States, 485 U.S. 681, 688-689 (1988) ("Congress was not nearly so concerned with the potential prejudicial effect of Rule 404(b) evidence as it was with ensuring that restrictions would not be placed on the admission of such evidence.").

As a general proposition, courts routinely permit the use of other crimes similar to the one charged – when offered for a permissible purpose – to bolster the evidence against the accused. See, e.g., United States v. Garner, 396 F.3d 438, 443 (D.C. Cir. 2005) (prior constructive possession of a firearm and actual possession of a gun clip was admissible to prove constructive weapon possession charge); United States v. Williams, 895 F.2d 1202, 1205-06 (8th Cir. 1990) (evidence that defendant possessed guns and drugs on two prior occasions was probative of his knowledge, intent and absence of mistake where guns and drugs paraphernalia were later found in his apartment during the execution of a search warrant). In narcotics cases, "other crimes" evidence that involves prior trafficking in controlled substances tends to support inferences of intent, knowledge, plan, and absence of mistake in regards to defendant's efforts to distribute that drugs on subsequent occasions. In addition, this is a distribution of narcotics case, in which the government has the burden of proving, beyond a reasonable doubt, that defendant "distributed the controlled substance knowingly and intentionally"; that is, that he did so "consciously, voluntarily and on purpose, not mistakenly, accidentally, or inadvertently"; and that "defendant knew that he distributed some type of controlled substance." Criminal Jury Instructions for the District of Columbia, Inst. 4.30 (alt. C) (4th Ed. Rev.). Under all these circumstances, the other crimes evidence described above is highly probative because it shows not just defendant's knowledge and familiarity with the drug trade, but also his specific familiarity with and method of operating in the Clay Terrace neighborhood of Washington, D.C.

With respect to the Rule 403 balancing, it is axiomatic that Rule 403 does not bar prejudicial evidence, only <u>unfairly</u> prejudicial evidence.  See <u>Ballou v. Henri Studios, Inc.</u>, 656 F.2d 1147, 1155 (5th Cir. 1981).  The proper inquiry, then, is whether the jury will misuse the evidence by inferring that, merely because defendant engaged in this prior bad act, he likely did so again. See <u>United States v. Mitchell</u>, 49 F.3d 769, 777 (D.C. Cir. 1995).  The law in this Circuit is clear that in balancing the probative value of other crimes evidence against the prejudicial effect, "it is a sound rule that the balance should generally be struck in favor of admission when the evidence indicates a close relationship to the offense charged." <u>United States v. Harrison</u>, 679 F.2d 942, 948 (D.C. Cir. 1982) (quoting <u>United States  v. Day</u>, 591 F.2d 861, 878 (D.C. Cir. 1978)).

The "other crimes" evidence here most certainly bears a close relationship to the offenses charged.  All occurred in the very same neighborhood in Washington, D.C., and all involved distribution of, or intent to distribute, significant quantities of controlled substances.  The evidence is highly probative, and the legitimate reasons for which it is offered are not difficult to grasp.  There is nothing to suggest that the jury will misuse the evidence, and, moreover, whatever prejudice that may possibly result can adequately be addressed through the use of a limiting instruction to the jury.

WHEREFORE, the United States respectfully moves the Court to permit introduction of the "other crimes" evidence described above.

        Respectfully submitted,

        JEFFREY A. TAYLOR
        United States Attorney
        D.C. Bar # 498-610

By:       /s/
        MATTHEW P. COHEN
        Assistant U.S. Attorney
        D.C. Bar # 469-629
        Organized Crime and Narcotics Trafficking Section
        555 4th Street, N.W., Rm. 4118
        Washington, D.C. 20530
        (202) 514-7427 office
        (202) 514-8707 facsimile

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| V. | : |
| | : |
| EARL A. TIMBERLAKE | :     Criminal Case No. 08-82 (RMU) |

**ORDER**

Having considered the Government's Notice Of Intent And Motion To Admit Evidence of Other Crime Pursuant to Federal Rules of Evidence 404(b) and the record herein, it is this _____ day of _____, 2008, hereby ORDERED that:

(1) the Motion is GRANTED; and

(2) pursuant to Federal Rule of Evidence 404(b), the government may introduce the "other crimes" evidence described in the government's Motion at trial.

IT IS SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE