UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| V. | : | Criminal Case No. 08-82 (RMU) |
| | : | |
| **EARL A. TIMBERLAKE** | : | |

**GOVERNMENT'S NOTICE OF INTENTION AND MOTION TO ADMIT
EVIDENCE OF DEFENDANT'S PRIOR CONVICTIONS PURSUANT
TO FEDERAL RULE OF EVIDENCE 609**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully notifies defendant and the Court of its intent to impeach defendant, should he choose to testify, with two prior convictions pursuant to Fed. R. Evid. 609. In support of its notice, the United States relies on the following points and authorities and such other points and authorities as may be cited at a hearing regarding this notice:

**I. Background.**

Defendant is charged with one count of distributing 10 grams or more of phencyclidine (PCP), on August 27, 2007, and one count of distributing 100 grams or more of a mixture and substance containing a detectable amount of PCP, on October 11, 2007, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iv). Defendant has been previously convicted of the following offenses:

    a.    the felony offense of Possession with Intent to Distribute Cocaine in case number 2002 FEL 00733, in the Superior Court of the District of Columbia, on July 9, 2002, for which he received a sentence of incarceration of three years, followed by 5 years of supervised release; and

      b.    the felony offense of Possession with Intent to Distribute Cocaine and Carrying a Pistol Without a License (Outside Home or Place of Business) in case number 2001 FEL 0723, in the Superior Court of the District of Columbia, on July 9, 2002, for which he served a sentences of three years and one year, respectively, followed by 5 years of supervised release. The sentences were imposed to run concurrent to each other and to the sentence imposed the same day in 2002 FEL 00733.[1]

Should defendant choose to testify, we seek to use these convictions, pursuant to Fed. R. Evid. 609(a)(1), to impeach him.

    **II. Fed. R. Evid. 609(a)(1).**

2. "[E]vidence that an accused has been convicted" of a crime punishable by more than one years' imprisonment may be used to impeach him if the probative value outweighs the prejudicial effect. Fed. R. Evid. 609(a)(1). Defendant has been convicted once for possession with the intent to distribute cocaine, and once for another count of possession with intent to distribute cocaine and carrying a pistol without a license, each of which was punishable by more than one years' imprisonment. He was released from custody on each of those offenses within the last ten years. This Court should permit the use of those convictions to impeach the defendant because their probative value outweighs any prejudicial effect. See United States v. Lipscomb, 702 F.2d 1049 (D.C. Cir. 1983) (en banc).

3. The charges in this case arise from an investigation over the span of several months into illegal narcotics activities conducted by the defendant and others involved in the drug trade in the

---

[1] As tendered to the Court at the defendant's arraignment on May 20, 2008, the undersigned has obtained a certified copy of the conviction in 2002 FEL 733 from the D.C. Superior Court Clerk's Office. We have also requested a certified copy of the conviction in 2001 FEL 7231, but have been told that the Clerk's Office cannot locate the file. Efforts to obtain this record are continuing.

300 block of 53rd Street, N.E., Washington, D.C. During the course of the investigation, the Metropolitan Police Department (MPD) deployed a confidential source (CS) to purchase "weight" quantities of PCP from the defendant and others. On three occasions – May 22, June 13, and July 11, 2007 – the CS purchased quantities of what were believed to be PCP from the defendant (on May 22) and another target (on June 13 and July 11). On each occasion, however, DEA analysis established that the quantity purchased was not a controlled substance. The investigation continued, however, with two controlled purchases from the defendant on August 27 and October 11, 2007. During these controlled purchases, an MPD undercover officer joined the CS for the meetings with the defendant, and the defendant distributed the substances directly to the MPD undercover officer. Specifically, on August 27, defendant sold the MPD undercover officer approximately four ounces of a substance consistent in odor and appearance with PCP. The surveillance video of this transaction shows the defendant walking to and from the vehicle in which the MPD undercover officer and the CS were sitting during the transaction. On October 11, 2007, defendant sold the same MPD undercover officer approximately four-and-a-half ounces of a substance consistent in odor and appearance with PCP. A video recording from inside the MPD undercover vehicle shows defendant sitting in the front passenger seat and committing this transaction. Unlike the earlier transactions in the investigation, DEA analysis of the substances purchased from defendant on August 27 and October 11, 2007, established that both were in fact PCP.[2]

---

[2] The controlled substance analysis shows that for the August 27, 2007, transaction, the defendant distributed a mixture and substance containing PCP with a net weight of 87.2 grams and 11.1 grams of actual PCP. For the October 11, 2007, transaction, the defendant distributed a mixture and substance containing PCP with a net weight of 105.2 grams and 5.8 grams of actual PCP.

4.  In <u>Lipscomb</u>, the Court of Appeals held that "all felony convictions are probative of credibility to some degree." <u>Id.</u> at 1062. In this case, we do not seriously anticipate that identification will be a central issue at trial. Rather, should he choose to testify, the defendant's credibility concerning the nature of the controlled substances themselves will be a central issue. The probative value of the convictions, therefore, is quite high. Moreover, defendant's prior convictions are probative in that they are deliberate, planned offenses which evidence a conscious a disrespect for the law, and consequently for the oath and judicial proceedings, over an extended period of time.

5.  With respect to the prejudice prong, the Court of Appeals has recognized that, while all impeachments with a prior conviction involve some prejudice, the operative question is "how much?". <u>Id.</u> Here, the prejudicial effect of using these convictions for impeachment is outweighed by their probative value:

> While it is true in a narcotics prosecution that a prior narcotics conviction carries more prejudice, it is also true that evidence of such conviction carries more probative value and is more necessary when the accused testified that he is not knowledgeable in drug transactions and his testimony on that point directly contradicts that of his accuser.

<u>United States v. Lewis</u>, 626 F.2d 940, 951 (D.C. Cir. 1980). In <u>Lewis</u>, the court also noted that "it is of prime importance that the jury be given as much help in determining credibility as the Rules of Evidence permit. . . . It is unfair and misleading to a jury, when credibility is an issue, to refuse to admit relevant evidence that is directly probative on that issue." <u>Id.</u> at 950. The defendant's convictions are relevant and, we anticipate, directly probative to assessing defendant's credibility should he choose to take the witness stand in his own defense.

**III. Fed. R. Evid. 609(b).**

      6. Fed. R. Evid. 609(b) places a temporal restriction on the use of convictions for impeachment purposes: "Evidence of a conviction under this rule is not admissible if a period of more than ten years has elapsed since the date of the conviction or of the release of the witness from the confinement imposed for that conviction, whichever is the later date . . ." Here, defendant's convictions and sentences date back to July 2002 and therefore occurred well within the last ten years. Thus, the convictions may properly be used for impeachment.

      WHEREFORE, the government respectfully notifies defendant and the Court of its intent to use defendant's prior convictions for impeachment purposes.

      Respectfully submitted,

      JEFFREY A. TAYLOR
      United States Attorney
      Bar Number 498-610

BY:       /s/
      MATTHEW P. COHEN, Bar Number 469-629
      Assistant United States Attorney
      Organized Crime and Narcotics Trafficking Section
      555 4th Street, N.W., Room 4118
      Washington, DC 20530
      (202) 514-7427 office
      (202) 514-8707 facsimile

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| V. | : | |
| | : | |
| EARL A. TIMBERLAKE | : | Criminal Case No. 08-82 (RMU) |

**ORDER**

Having considered the Government's Notice Of Intent And Motion To Admit Evidence of Defendant's Prior Convictions Pursuant to Federal Rules of Evidence 609 and the record herein, it is this _____ day of _____, 2008, hereby ORDERED , pursuant to Federal Rule of Evidence 609, the government may impeach defendant with evidence of the July 9, 2002, convictions in D.C. Superior Court cases 2001 FEL 7231 and 2002 FEL 733, should he choose to testify.

IT IS SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE